IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

(1) WALIDA NOWLIN, as Personal )
Representative of the Estate )
of JERRY NOWLIN, deceased, )
)
        Plaintiff, )
)
v. ) Case No. CIV-17-194-PRW
)
(1) CITY OF OKLAHOMA CITY, )
OKLAHOMA, a municipal )
corporation, and )
(2) CHRISTOPHER GRIMES, and )
(3) JOSHUA CASTLEBURY, )
)
        Defendants. )

## **ORDER**

Defendant City of Oklahoma City, Oklahoma, moves for judgment as a matter of law on all claims against it (Dkt. 68). For the reasons set forth below, the motion is granted.

### *Background*

The facts of this case are set out more fully in the Court's March 20, 2020 Order[1] resolving the motion for summary judgment filed by Defendants Grimes and Castlebury. Jerry Nowlin's personal representative, Walida Nowlin, brought this case pursuant to 42 U.S.C. § 1983 alleging that the actions of Officer Castlebury and Officer Grimes violated Jerry Nowlin's constitutional right to be free of excessive force.[2] She also brought claims against Defendant City, including negligent training, supervision, and discipline of the

---

[1] Order (Dkt. 92).

[2] *See* Am. Compl. (Dkt. 19).

1

officers pursuant to 42 U.S.C. § 1983, ratification pursuant to 42 U.S.C. § 1983, and negligence pursuant to Oklahoma law.[3]

### *Standard of Review*

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the court does not weigh the evidence and determine the truth of the matter asserted, but determines only whether there is a genuine dispute to be tried.[4] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[5] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[6] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[7]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely in dispute and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

---

[3] *See id*.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *Id.*

the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[8] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts,"[9] or by theorizing a "plausible scenario" in support of its claims.[10] "Rather, 'the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[11] If there is a genuine dispute as to some material fact, the district court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[12]

Furthermore, the Supreme Court explains:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the

---

[8] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. 317; *Beard v. Banks*, 548 U.S. 521, 529 (2006).

[9] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995)).

[10] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[11] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52; *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[12] *Scott*, 550 U.S. at 380; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

3

nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[13]

*Analysis*

**Federal Claims**

*Ratification*

Plaintiff alleges in the Amended Complaint that Defendant City, "through its use of force review process[,] reviewed Defendant Grimes['] actions and found them to be within policy."[14] Plaintiff argues that this final decision was ratification by Defendant City of the officers' actions and liability should attach pursuant to 42 U.S.C. §1983.[15]

Generally, a municipality may not be held liable under § 1983 for single episodes of conduct that are not part of any policy or custom.[16] But a plurality of the Supreme Court has recognized an exception to this rule when policymakers ratify subordinates' unconstitutional conduct:

> [W]hen a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.[17]

---

[13] *Celotex Corp.*, 477 U.S. at 322–23.

[14] Am. Compl. (Dkt. 19) at 5.

[15] *Id*.

[16] *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[17] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Accordingly, "a municipality will not be found liable [under a theory of ratification] . . . unless a final decisionmaker ratifies an employee's specific unconstitutional actions, as well as the basis for these actions."[18] Said another way, "only '[i]f the authorized policymakers approve a subordinate's decision and the basis for it, [will] their ratification . . . be chargeable to the municipality because their decision is final.'"[19]

In addition, "[t]he Supreme Court has made clear that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'"[20] "Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[21]

Defendant City did not clearly challenge Plaintiff's ratification claim on summary judgment. The motion only specifically mentions ratification in its statement of material facts not in dispute,[22] and its argument and authorities section only addresses its use of

---

[18] *Cacioppo v. Town of Vail, Colo.*, 528 F. App'x 929, 933 (10th Cir. 2013) (quoting *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010)) (internal quotation marks omitted).

[19] *Id*. (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) ("Municipal liability may be also be based on the decisions of employees with final policymaking authority or the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval.").

[20] *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[21] *Id*.

[22] This paragraph does not even contain a material fact. It is simply a reference to a case and explanation of Defendant City's understanding of the case.

5

force policies. Plaintiff's response cites no evidence related to ratification. She instead states that "an inference can be drawn that OKC police officers learn that regardless of the existence of lay witnesses to an event that could be considered 'excessive force,' the structure in place for reviewing those claims will almost always be resolved in their favor."[23]

Due to this uncertainty, the Court ordered the parties to file supplemental briefing on the issue of whether summary judgment is appropriate on Plaintiff's ratification claim.[24] Both parties responded.[25] Defendant argued summary judgment was appropriate because Plaintiff cannot point to evidence to support her ratification claim. Plaintiff's supplement, like previous filings, contained no citation to any evidence that would support a ratification claim. Since Plaintiff will bear the burden of proof at trial to establish the elements of her ratification claim,[26] and she has failed to make a showing sufficient to establish the existence of the elements essential to that claim, the Court grants summary judgment in Defendant's favor on this claim.

---

[23] Pl.'s Resp. in Opp. To Mot. for Summ. J. of Def., Oklahoma City, Oklahoma (Dkt 76) at 6.

[24] *See* Enter Order (Dkt. 87).

[25] *See* Def. City's Supp. Motion & Br. in Supp. (Dkt. 89); Pl.'s Supp. Resp. in Opp. to Mot. for Summ. J. of Def., Okla. City, Okla. (Dkt. 90).

[26] *See Ernst v. Creek Cty. Pub. Facilities Auth.*, 697 F. App'x 931, 933 (10th Cir. 2017) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)) ("A plaintiff alleging a municipal liability claim must . . . identify a government policy or custom that caused the injury and then demonstrate 'that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury.'").

*Negligent Training, Supervision, and Discipline*

In support of summary judgment on this § 1983 claim, Defendant City cites its numerous policies and procedures used to train its police officers in the use of deadly force, as well as the hours of training received by Defendants Grimes and Castlebury.[27][28] To prevail on a claim of failure to train police officers in the use of force, a plaintiff "must first prove the training was in fact inadequate . . . ."[29] Then the following requirements must also be satisfied:

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situations with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.[30]

A municipality demonstrates a "deliberate indifference" where it has "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[31]

---

[27] *See* Def. City's Mot. for Summ. J. & Br. in Supp. (Dkt. 68) at 7–15, 29.

[28] None of these material facts are disputed by Plaintiff, nor does Plaintiff identify any additional facts material to this claim. Thus, there is no genuine issue as to any material fact and the Court may enter judgment on this claim.

[29] *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

[30] *Id.*; *Cacioppo*, 528 F. App'x at 933.

[31] *Carr*, 337 F.3d at 1228.

Plaintiff points to no evidence Defendant City's use of force training was in fact inadequate, and no evidence that Defendant City was deliberately indifferent. In fact, Defendant City argues that its investigation and review process (which it cites as Exhibits 45 and 47) negate any claim of deliberate indifference,[32] and Plaintiff does not respond to this assertion in her response. The only evidence Plaintiff points to is the lay witness testimony that may support a finding that the officers exceeded constitutional limitations on the use of force, which does not support a finding of deliberate indifference. Viewing all reasonable inferences and the evidence (or lack thereof) in the light most favorable to Plaintiff, the Court grants summary judgment in Defendant's favor on this claim.[33][34]

---

[32] *See* Def. City's Mot. for Summ. J. & Br. in Supp. (Dkt. 68) at 25.

[33] *See Eckert v. Town of Silverthorne*, 25 F. App'x 679, 690 (10th Cir. 2001) (Although the existence of deliberate indifference is usually a jury question, "a jury determination is unnecessary where a plaintiff has not linked the failure to train to an injury of constitutional proportions.").

[34] The Court notes that Plaintiff's Fourth Cause of Action in the Amended Complaint is entitled "42 U.S.C. §1983 – Negligent Training, Supervision, and Discipline." This allegation of negligence is often grouped together (negligent training, negligent supervision, and negligent discipline), but for the sake of thoroughness, the Court will specifically address each aspect of this claim. Negligent training is discussed above. A negligent supervision theory "cannot provide a basis for liability under § 1983." *Spencer v. Landrith*, 315 F. App'x 62, 65 (10th Cir. 2009). "[R]egarding discipline of officers, the rule is that where a city's procedure of reprimand is so inadequate as to ratify unconstitutional conduct, the city may be liable under § 1983. A police chief's persistent failure to discipline or control subordinates in the face of knowledge of their propensity for improper use of force may constitute an official custom or De facto policy, actionable under § 1983." *Popow v. City of Margate*, 476 F. Supp. 1237, 1246–47 (D.N.J. 1979). Plaintiff points to no evidence that Defendant City had knowledge about a propensity of Defendants Grimes and Castlebury for improper use of force, or that Defendant City persistently failed to discipline or control the officers in the face of this knowledge.

**State Claim**

The Amended Complaint alleges that Defendant City had a duty to properly train its employees in policies and practices that govern the use of force and that it breached this duty by failing to properly train and supervise Defendants Grimes and Castlebury, who were negligent.[35] As a result, "Defendant City of Oklahoma City is liable for damages under state law."[36]

Defendant City interprets the Amended Complaint as alleging liability for assault and battery. It goes on to explain that the Governmental Tort Claims Act[37] governs liability of a political subdivision for state law claims, and only extends liability for actions of employees within the scope of their employment and subject to limitations within the GTCA.[38]

One of those limitations is §155(5)'s exemption for discretionary functions. Oklahoma has adopted the "planning-operational" approach, "which protects discretionary functions in the policymaking process and as to planning decisions, but not negligent performance of any policy."[39] "[T]he clear weight of authority supports a finding that . . . training . . . [and] supervision . . . are actions that implicate a political entity's policy and planning functions and therefore fall under the discretionary function exemption of §

---

[35] Am. Compl. (Dkt. 19) at 4−5.

[36] *Id*. at 5.

[37] 51 O.S. §§ 151–172.

[38] *See* Def. City's Mot. for Summ. J. & Br. in Supp. (Dkt. 68) at 34.

[39] *Id*. at 3 (citing *Franks v. Union City Pub. Schs.*, 943 P.2d 611, 613 (Okla. 1997)).

9

155(5)."[40] Plaintiff's claims against Defendant City for its alleged direct negligence are accordingly barred by the GTCA's discretionary function exception, and viewing all the facts and inferences in the light most favorable to Plaintiff, the Court grants summary judgment to Defendant City on Plaintiff's negligence claim.

*Conclusion*

Defendant City's motion for summary judgment is accordingly **GRANTED**.

**IT IS SO ORDERED this 8th day of April, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[40] *Langkamp v. Mayes Emergency Servs. Tr. Auth.*, No. 16-CV-0676-CVE-FHM, 2017 WL 875483, at *4 (N.D. Okla. Mar. 3, 2017), *motion for relief from judgment granted*, No. 16-CV-0676-CVE-FHM, 2017 WL 1102650 (N.D. Okla. Mar. 23, 2017) (citing *Johnson v. Indep. Sch. Dist. No. 89 of Okla. Cnty.*, No. CIV–15–680–D, 2016 WL 1270266, at *8 (W.D. Okla. Mar. 31, 2016) (negligent supervision); *Burris v. Okla. ex rel. Okla. Dep't of Corrections*, No. CIV–13–867–D, 2014 WL 442154, at *9 (W.D. Okla. Feb. 4, 2014) (negligent hiring, training, supervision, and retention); *Seals v. Jones*, No. 12–DV–569–JED–TLW, 2013 WL 5408004, at *4 (N.D. Okla. Sept. 25, 2013) (negligent hiring and retention); *Fumi v. Bd. of Conty. Comm'rs of Rogers Cnty.*, No. 10–CV–769–TCK–PJC, 2011 WL 4608296, at *6 (N.D. Okla. Oct. 3, 2011) (negligent training and supervision); *Burns v. Holcombe*, No. 09–CV–152–JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (negligent hiring, training, and supervision); *Jackson v. Okla. City Pub. Schs.*, 333 P.3d 975, 979 (Okla. Civ. App. 2014) (negligent hiring, training, and supervision)).